# United States Court of Appeals

## For the Eighth Circuit

_____

No. 25-1366

_____

Nate Maniktala; Jaya Maniktala

*Appellant*s

v.

Commissioner of Internal Revenue

*Appellee*

------------------------------

Center for Taxpayer Rights

*Amicus on Behalf of Appellant(s)*

_____

United States Tax Court

_____

Submitted: December 17, 2025
Filed: August 11, 2026

_____

Before GRUENDER, KELLY, and ERICKSON, Circuit Judges.

_____

KELLY, Circuit Judge.

Nate and Jaya Maniktala filed joint tax returns in 2018 and 2019. The IRS assessed deficiencies for both tax years and issued a notice to the Maniktalas. Under

26 U.S.C. § 6213(a), the Maniktalas had 90 days to file a petition for redetermination, but they did not file until after 90 days elapsed. The Tax Court dismissed their petition, finding it lacked jurisdiction to review it because it was untimely. The Maniktalas appeal. We have jurisdiction to review under 26 U.S.C. § 7482(a).

## I.

Nate Maniktala is a shareholder of BranchPattern, Inc. (BPI), an S-corporation specializing in building design. In 2018 and 2019, the Maniktalas filed joint tax returns claiming credits under 26 U.S.C. § 41 based on BPI's research and development activities in those years. The Commissioner later determined BPI was not entitled to the credits and issued a notice of deficiency to BPI shareholders in accordance with 26 U.S.C. § 6212. On December 20, 2023, the Commissioner mailed the Maniktalas their notice, which listed March 19, 2024, as the "[l]ast day to file petition with US tax court." However, the Maniktalas did not receive the notice until July 9, 2024.

On July 19, 2024, four months after the deadline, the Maniktalas filed a petition to contest the deficiency. See 26 U.S.C. § 6213(a). The Tax Court dismissed their petition, finding it lacked jurisdiction to review the petition because it was filed after the filing period. The Maniktalas challenge the Tax Court's dismissal, arguing the filing deadline in § 6213(a) is not jurisdictional and is subject to equitable tolling.

## II.

When a taxpayer files a tax return, the Commissioner reviews it and determines whether the taxpayer owes a deficiency, which is "[a]ny additional tax determined to be owed that is greater than the amount shown by the taxpayer on his return[.]" Hallmark Rsch. Collective v. Comm'r, 159 T.C. 126, 134 (2022) (citing 26 U.S.C. §§ 7602, 6212, 6211). If the Commissioner determines one is owed, the Commissioner sends the taxpayer a notice of deficiency that, among other things,

informs the taxpayer they have 90 days to file a petition to contest the deficiency. See 26 U.S.C. § 6212(a). Here, the Maniktalas do not dispute that they filed their petition outside the 90-day period. Rather, the issue presented is whether the deadline they missed is a jurisdictional requirement which, if not met, deprives the Tax Court of authority to resolve the petition. We review de novo. Bartman v. Comm'r, 446 F.3d 785, 787 (8th Cir. 2006).

The relevant statutory provision reads as follows:

> Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed . . . , the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . . The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely.

26 U.S.C. § 6213(a). We have said this deadline is jurisdictional. Andrews v. Comm'r, 563 F.2d 365, 366 (8th Cir. 1977) (per curiam) ("The law is clear that the Tax Court does not have jurisdiction over an untimely petition [filed under § 6213(a)]."). That would appear to resolve the matter. See Mader v. United States, 654 F.3d 794, 800 (8th Cir. 2011) ("It is a cardinal rule in our circuit that one panel is bound by the decision of a prior panel."). But Andrews includes no analysis of the jurisdictional issue presented here. See generally Andrews, 563 F.2d 365. And, recognizing that courts "have more than occasionally misused the term 'jurisdictional' to refer to nonjurisdictional prescriptions," the Supreme Court has cautioned that "describ[ing] something 'without elaboration' as jurisdictional [] does not end the inquiry." Wilkins v. United States, 598 U.S. 152, 159–60 (2023). Moreover, our prior panel rule is "not absolute." United States v. Donath, 107 F.4th 830, 836 (8th Cir. 2024). "A limited exception to the prior panel rule permits us to

revisit an opinion of a prior panel if an intervening Supreme Court decision is inconsistent with the prior opinion." Id.; see also Jones v. Aetna Life Ins. Co., 856 F.3d 541, 546 (8th Cir. 2017) ("[A] panel may depart from circuit precedent based on an intervening opinion of the Supreme Court that undermines the prior precedent."). We proceed accordingly.

## III.

The Supreme Court "ha[s] tried in recent cases to bring some discipline to the use of [the] term ['jurisdictional.']" Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 435 (2011).[1] "[J]urisdictional rules pertain to the power of the court rather than to the rights or obligations of the parties." MOAC Mall Holdings, 598 U.S. at 297 (quoting Reed Elsevier v. Muchnick, 559 U.S. 154, 161 (2010)). In contrast, nonjurisdictional procedural requirements seek to "promote the orderly progress of litigation" by "instruct[ing] 'parties [to] take certain procedural steps at certain specified times' without conditioning a court's authority to hear the case on compliance with those steps." Boechler, P.C. v. Comm'r, 596 U.S. 199, 203 (2022) (citing Henderson, 562 U.S. at 435).

This distinction has significant consequences. See Henderson, 562 U.S. at 434–35 (describing the "considerable practical importance for judges and litigants" of "[b]randing a rule" as jurisdictional). As a result, the Court has "repeatedly held that procedural rules, including time bars, cabin a court's power only if Congress has 'clearly state[d]' as much." Kwai Fun Wong, 575 U.S. at 409 (citing Auburn,

---

[1]See, e.g., Sebelius v. Auburn Reg'l Med. Ctr., 568 U.S. 145, 161 (2013) (holding the 180-day deadline to file a complaint challenging a repayment distribution under 42 U.S.C. § 1395oo(a)(3), the Medicare statute, nonjurisdictional); United States v. Kwai Fun Wong, 575 U.S. 402, 412 (2015) (holding the Federal Tort Claims Act filing deadline in 28 U.S.C. § 2401(b) nonjurisdictional); MOAC Mall Holdings LLC v. Transform Holdco LLC, 598 U.S. 288, 297, 304–05 (2023) (holding 11 U.S.C. § 363(m), governing reversals or modifications to appeals of sale or debt in bankruptcy proceedings, nonjurisdictional).

568 U.S. at 153). The clear statement rule does not require "'magic words,'" "[b]ut traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences." Id. at 410 (quoting Auburn, 568 U.S. at 153). And "the statement must indeed be clear; it is insufficient that a jurisdictional reading is 'plausible,' or even 'better,' than nonjurisdictional alternatives." MOAC Mall Holdings, 598 U.S. at 298 (quoting Boechler, 596 U.S. at, 206). The question here is whether Congress clearly stated § 6213(a)'s deadline to file a petition for review of a deficiency is jurisdictional.

The text of § 6213(a) does not "clearly mandate [a] jurisdictional reading." Boechler, 596 U.S. at 204. The filing deadline itself is directed solely to the taxpayer: "Within 90 days . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." 26 U.S.C. § 6213(a); Harrow v. Dept. of Def., 601 U.S. 480, 485 (2024) (explaining that "what matters" in determining whether a filing deadline is jurisdictional "is whether a time bar speaks to a court's authority to hear a case" (quoting Kwai Fun Wong, 575 U.S. at 411)); see also Boechler, 596 U.S. at 205–06 (considering fact that filing deadline "explains what the taxpayer may do" in concluding it is not clearly jurisdictional). The jurisdictional limitation, which is directed at the Tax Court, comes later in the subsection: "The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition." 26 U.S.C. § 6213(a). This structure indicates "Congress knew how to limit the scope of the Tax Court's jurisdiction," constraining its authority to issue injunctions or refunds, but not limiting its authority to review an untimely petition. Culp v. Comm'r, 75 F.4th 196, 202 (3d Cir. 2023), cert. denied, 144 S. Ct. 2685; see also Boechler, 596 U.S. at 206–07 ("A requirement 'does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions.'"); Auburn, 568 U.S. at 155.

The analysis of the statutory provision at issue in Boechler is informative here. There, the Court considered the deadline to petition for review of a collection due

process determination in 26 U.S.C. § 6330(d)(1). <u>Boechler</u>, 596 U.S. at 203–08. That provision reads: "The person may, within 30 days of a determination under this section, petition the Tax Court for review of such determination (and the Tax Court shall have jurisdiction with respect to such matter)." 26 U.S.C. § 6330(d)(1). Despite the proximity of the jurisdictional grant to the filing deadline in § 6330(d)(1), what was missing was a "clear tie between" the two. <u>Boechler</u>, 596 U.S. at 207 ("Rather than proximity, the important feature is the one that is missing here: a clear tie between the deadline and the jurisdictional grant."). A "clear tie" is similarly missing in § 6213(a). Indeed, the jurisdictional limitation and the filing deadline have even less textual connection than the grant and deadline in <u>Boechler</u>. <u>See</u> <u>id.</u> In short, § 6213(a)'s statutory language does not clearly link the 90-day deadline to the Tax Court's jurisdiction to consider the petition.

The Commissioner counters, asserting that if the § 6213(a) deadline is nonjurisdictional, a taxpayer who fails to file a timely petition for review will, "ironically," be in a worse position than if the deadline is jurisdictional. The Commissioner points to § 7459(d):

> If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless . . . the dismissal is for lack of jurisdiction.

26 U.S.C. § 7459(d). Under this provision, the Tax Court's dismissal of a taxpayer's petition for redetermination "shall be considered as its decision that the deficiency is the amount determined by the Secretary." <u>Id.</u> Such a dismissal, according to the Commissioner, acts as res judicata, preventing the taxpayer from pursuing any alternative options to challenge the deficiency. Section 7459(d) provides an exception to this finality: when "the dismissal is for lack of jurisdiction." <u>Id.</u> Thus, for most late-filing taxpayers, interpreting the deadline as *non*-jurisdictional would foreclose any other avenue of relief because all dismissals would "be considered as

[a] decision that the deficiency is the amount determined by the Secretary." See id. This harsh consequence, the Commissioner contends, is a result Congress could not have intended and weighs heavily in favor of finding the deadline jurisdictional.

Assuming this concern is based on a proper interpretation of § 7459(d), it does not sufficiently move the needle in the Commissioner's favor. As a sister circuit has observed, "this situation presents itself only if a taxpayer files a late petition for redetermination of a deficiency, the Tax Court dismisses his or her petition, the taxpayer then pays the disputed deficiency, files for a refund, gets denied, and then sues in federal court challenging the denial." Culp, 75 F.4th at 202; Buller v. Comm'r, 160 F.4th 266, 270 (2d Cir. 2025) (quoting Culp, 75 F.4th at 202). We are not convinced that a perhaps-unanticipated impact on a limited number of taxpayers is a sufficiently "'clear' indication that Congress wanted the rule to be 'jurisdictional.'" Henderson, 562 U.S. at 436 (citation omitted).

Relying on historical analysis and evolution of the tax code, the Commissioner also argues the provision contains an implicit grant of jurisdiction.[2] And the Commissioner asserts that, if considered in the proper context of the "overall system of tax collection," the § 6213(a) deadline makes more sense as a jurisdictional, rather than a claims processing, rule. We do not dismiss the Commissioner's arguments as insignificant or lacking in merit, particularly in an area as specialized as federal taxation, including its enforcement and collection. But

---

[2]The Commissioner asserts § 6213(a) is the source of the Tax Court's "deficiency jurisdiction," in addition to the limitation on its jurisdiction over an untimely petition. Perhaps, but the source of the Tax Court's jurisdiction is less than clear, see, e.g., 26 U.S.C. § 6214(a)–(b) (granting the Tax Court jurisdiction to "redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency . . ." and only for that year of the deficiency); id. § 6512(b) (granting the Tax Court "jurisdiction to determine the amount of such overpayment" and "upon motion by the taxpayer, shall have jurisdiction to order the refund of such overpayment and interest"), which is insufficient under the clear statement rule.

we are reminded that "the Commissioner's interpretation must be not only better [than the Maniktalas's], but also clear." Boechler, 596 U.S. at 206, 207–08. We conclude that it is not.

"Filing deadlines . . . are quintessential claim-processing rules." Henderson, 562 U.S. at 435; see also Auburn, 568 U.S. at 154–55 (same). Today we hold the filing deadline in § 6213(a) is no exception. In doing so, we join our sister circuits who have, in recent years, reached the same conclusion. See Buller, 160 F.4th at 270; Culp, 75 F.4th at 202 (3d Cir. 2023); Oquendo v. Comm'r, 148 F.4th 820, 833 (6th Cir. 2025); but see[3] Tilden v. Comm'r, 846 F.3d 882, 886 (7th Cir. 2017); Organic Cannabis Found., LLC v. Comm'r, 962 F.3d 1082, 1095 (9th Cir. 2020).

IV.

We now consider whether the deadline is subject to equitable tolling. See Boechler, 596 U.S. at 208 (analyzing whether filing deadline is subject to equitable tolling after concluding it is nonjurisdictional). "[N]onjurisdictional limitations periods are presumptively subject to equitable tolling." Id. at 209 (citing Irwin v. Dept. of Vet. Affs., 498 U.S. 89, 95–96 (1990)). To rebut this presumption, Congress must make "an affirmative indication . . . that it intends to preclude equitable tolling[.]" Kwai Fun Wong, 575 U.S. at 420; Enbridge Energy, LP v. Nessel ex rel. Mich., 146 S. Ct. 1074, 1082 (2026) ("The presumption is rebutted if there is good reason to believe that Congress did *not* want the equitable tolling doctrine to apply." (citation modified) (quoting Arellano v. McDonough, 598 U.S. 1, 7 (2023))).

---

[3]See Oquendo, 148 F.4th at 833 ("[P]ast cases interpreting § 6213(a)'s petition-filing deadline as jurisdictional are better viewed as vestiges of a bygone era. The Supreme Court's instruction to accord those cases no precedential weight effectively mandates that view."); Boechler, 596 U.S. at 208 ("The cases [the Commissioner] cites almost all predate this Court's effort to 'bring some discipline' to the use of the term 'jurisdictional.'" (citation omitted)).

We see nothing in the text of § 6213(a) to rebut the presumption that equitable tolling applies to the deadline for filing a petition. United States v. Brockamp, 519 U.S. 347, 350–52 (1997). As in Boechler, § 6213(a) "does not expressly prohibit equitable tolling," and the "time limit is directed at the taxpayer, not the court." Boechler, 596 U.S. at 209 ("see[ing] nothing to rebut the presumption" that § 6330(d)(1) is subject to equitable tolling). Nor is the deadline described in a highly technical manner, or subject to an enumerated list of exceptions. See Brockamp, 519 U.S. at 350–52 (holding 26 U.S.C. § 6511's deadline is not subject to equitable tolling because the statute "sets forth its limitations in a highly detailed technical manner, that, linguistically speaking, cannot easily be read as containing implicit exceptions" and "reiterates its limitations several times in several different ways"); Enbridge Energy, 146 S. Ct. at 1082–83 ("This Court has repeatedly held that an explicit listing of exceptions, set forth in a detailed manner, strongly indicates that Congress did not intend courts to read other unmentioned, open-ended, equitable exceptions into the statute that it wrote." (citation modified) (quoting Brockamp, 519 U.S. at 352)). We conclude the deadline in § 6213(a) is subject to equitable tolling. See also, e.g. Oquendo, 148 F.4th at 833; Buller, 160 F.4th at 270–71; Culp, 75 F.4th at 202–05.

"Although available, equitable tolling is not automatically applicable. The decision of whether to toll a limitations period must be made on a case-by-case basis." Oquendo, 148 F.4th at 833; Boechler, 596 U.S. at 211. We therefore remand to the Tax Court to determine in the first instance whether the Maniktalas have met their burden to warrant equitable tolling.

## V.

We reverse and remand for additional proceedings.

_____